**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
         lsironski@bursor.com

**SINDERBAND LAW GROUP P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Rd., Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-Mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNI ROUSCH, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW WORLD HERBAL WELLNESS LLC d/b/a DOCTOR RECOMMENDED,<br><br>Defendant. | Case No. 2:25-cv-10916<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1    Plaintiff Tawni Rousch ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on her own personal knowledge.

## NATURE OF THE ACTION

1. This is a putative class action lawsuit regarding Defendant's false and misleading labeling and marketing of the purported quantity of Berberine in the Doctor Recommended Berberine Plus dietary supplement (hereinafter "Product"). The Product's labeling, packaging, and marketing materials uniformly represent that the Product contains a specified amount of Berberine (the "Berberine Claims"). Defendant misleadingly represents the Product as "100% Pure Max Potency" and as containing 1200 milligrams of Berberine per serving.

2. However, independent laboratory testing demonstrates that the Product contains significantly less Berberine than represented. As a result, Defendant's labeling and marketing are false and misleading, and Defendant has violated multiple California consumer protection statutes.

3. Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated purchasers of the Product, for: (i) breach of express warranty; (ii) unjust enrichment (iii) fraud; (iv) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; (v) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and, (vi) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.

## THE PARTIES

4. At the time of the purchase described below, Plaintiff Tawni Rousch was a resident and citizen of California, residing in Marina Del Rey, California. On May 16, 2025, Plaintiff purchased Defendant's Doctor Recommended 1200 MG

1  Berberine supplement from Amazon for $29.90.  Prior to purchasing the Product, Plaintiff reviewed the representations regarding the amount of Berberine contained per serving and understood those representations to mean that the Product contained the amount of Berberine advertised.  When purchasing the Product, Plaintiff also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Defendant that the Product contained the quantities of Berberine advertised.

5. Plaintiff relied on these representations in deciding to purchase the Product over comparable alternatives. Had she known the Product did not contain the represented amount of Berberine, she would not have purchased the Product or would have paid less. Plaintiff remains interested in purchasing the Product in the future if Defendant reformulates it to contain the advertised amount of Berberine. As a result of Defendant's misrepresentations, Plaintiff paid a price premium and did not receive the benefit of her bargain.

6. Plaintiff understood her retailer acted with Defendant's authorization in selling the Product, and that the purchase involved a direct transaction with Defendant because the Product packaging and labeling were prepared and supplied by Defendant.

7. Defendant New World Herbal Wellness LLC ("New World") is a Delaware limited liability company that at all material times maintained its principal place of business in Wilmington, Delaware, where it has been registered to do business since 2012.  New World manufactures, sells, and nationally distributes Doctor Recommended Berberine Supplements, and is responsible for the advertising, marketing, and packaging of said products.  New World manufactured, marketed, and sold the Product during the relevant Class period.

**JURISDICTION AND VENUE**

8. This Court has subject matter over this class action. This Court has personal jurisdiction over the parties because Plaintiff Rousch was a resident in California at the time of purchase and submits to the jurisdiction of the Court, and because Defendant, at all times relevant hereto, has systematically and continually conducted, and continues to conduct business in this state.

9. Venue is proper in this Court pursuant to Civil Code § 1780(d). Defendant conducts business in this County and throughout the State of California.

**FACTUAL ALLEGATIONS**

**A. General Explanation of Berberine Products**

10. Berberine is a compound found in a variety of plant species that has been used to treat infections, digestive condition and inflammatory conditions.[1]

11. Limited evidence has shown the Berberine can assist — in conjunction with diet and exercise — in lowering cholesterol, triglycerides, and blood sugar levels which are all risk factors for cardiovascular disease.

12. Berberine is commonly sold as a dietary supplement similar to the Product at issue in this case.

---

[1] https://www.mskcc.org/cancer-care/integrative-medicine/herbs/berberine

**B.     The Doctor Recommended Berberine Capsules**

13.     Defendant advertises the Berberine products at issue as having "100% Pure Max Potency" and claims it delivers 1200 milligrams ("mg") of Berberine HCl per serving.

 

14.     Defendant prominently represents the Product's purported Berberine content on its labeling and packaging in both milligrams ("mg") and percentage.

**C.     Defendant's Products Do Not Contain The Quantity Of Berberine They Are Labeled To Contain**

15.     The Berberine Claims are false and misleading.  Independent lab testing commissioned by Plaintiff's counsel and conducted on April 3, 2025, and May 5, 2025, revealed that the true quantity of Berberine in the Product is considerably less than Defendant's representations.  Specifically, the April 3, 2025 test—of subsamples homogenized from all twelve (12) sealed bottles of the Product purchased from Amazon.com—found only 1150 mg of Berberine HCl per 2-capsule serving; the May 5, 2025 confirmatory test found only 1058 mg; despite Defendant's uniform representation that every serving contains 1200 mg.



*Test 1*

*Test 2*

16. Defendant knew that the Berberine Claims are false and misleading because it conducted or should have conducted Berberine content testing of its Products, yet still advertised, labeled, and packaged the Product with the false and misleading Berberine Claims.

17. Defendant knowingly prepared the material on its product labels to misrepresent the true quantity of Berberine in the Product.

18. Reasonable consumers would not have paid as much as they did for the Product if they had known the Product had less berberine in them than Defendant claimed. Accordingly, consumers have been harmed in the difference between the price they paid and the price they would have paid had they known the truth about Defendant's Products.

## CLASS ACTION ALLEGATIONS

19. **Class Definition.** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) on behalf

of herself and all other similarly situated consumers, and seek to represent a class (the "Class") defined as:

> **Class:** All persons in California that purchased Doctor Recommended Berberine Products during the applicable statutory periods.

20. Excluded from the Class are persons who made such purchase for the purpose of resale. Also excluded are Defendant and their affiliates, parents, subsidiaries, employees, officers, agents, and directors, as well as any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

21. ***Numerosity.*** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the tens or hundreds of thousands. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

22. ***Commonality and Predominance.*** Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

    a. whether the Berberine Claims are false or misleading;
    b. whether Defendant warranted the Berberine Claims in the marketing or advertising;
    c. whether Defendant breached these warranties; and
    d. whether Defendant committed statutory fraud by doing so.

23. **Typicality.** Plaintiff's claims are typical of the claims of the Class in that they purchased the Product in reliance on the representations and warranties described above and suffered a loss as result of those purchases.

24. **Adequacy.** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

25. **Superiority.** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### FIRST CLAIM FOR RELIEF
**(Breach of Express Warranty)**

26. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

27. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

1     28.    In connection with the sale of the Product, Defendant issued written warranties. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the Product, expressly warranted that the Product contained a specific amount of Berberine in every 2-capsule serving by making the Berberine Claims on its Products' labeling and packaging.

29.    Defendant's affirmations of fact and promises were part of the basis of the bargain between Defendant and Plaintiff and the Class when they purchased the Products, thereby creating an express warranty that the Products would conform to those affirmations of fact; specifically, that the Products would have 1,200mg of Berberine per 2-capsule serving.

30.    The Products do not, in fact, contain the amount of berberine Defendant promised. Instead, the Products contain significantly less berberine then advertised on the Products' labeling and packaging.

31.    Plaintiff and members of the Class suffered economic injury as a result of Defendant's breach of warranty because: (a) they would not have purchased the Products on the same terms if they had known that the Products had been falsely labeled as alleged herein; and (b) they paid a price premium for the Products based on Defendant's express warranties. As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted and the Products as sold.

32.    On or about June 27, 2025, prior to filing this action, Defendant was served with a pre-suit notice letter that complied in all respects with U.C.C. §§ 2-313 and 2-607. Plaintiff's counsel sent Defendant a letter advising it that it breached an express warranty and demanded that it cease and desist from such breaches and make full restitution by refunding the monies received therefrom.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

33. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

34. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

35. Plaintiff and Class members conferred a benefit in the form of monies paid to Defendant by purchasing a falsely labeled Product as to the amount of the Berberine.

36. Defendant voluntarily accepted and retained this benefit.

37. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Products. Retention of those moneys under these circumstances is unjust and inequitable in light of the misrepresentations of fact made by Defendant in labeling, packaging, marketing, and advertising the Products, including the Berberine Claims. These misrepresentations caused injuries to Plaintiff and Class members because they would not have purchased the Products if the true facts had been known.

38. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for falsely advertised Products, it would be unjust and inequitable for Defendant to retain it without paying the value thereof. Accordingly, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## THIRD CLAIM FOR RELIEF
### (Fraud)

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

1  41.   As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information about Products manufactured, distributed, and sold by Defendant.  For example, Defendant made promises and affirmations of fact in labeling, packaging, marketing, and advertising the Products, including the Berberine Claims.

42.   As indicated above, however, these representations are false as the Products contain less Berberine than Defendant claims.

43.   The misrepresentations and omissions of material fact made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Products.

44.   Defendant knew the Berberine Claims were false but continued to manufacture and sell the Products in the retail and wholesale markets while labeling them with the Berberine Claims.

45.   During the relevant time period, Plaintiff and Class members were unaware that the Products were falsely advertised as to the amount of Berberine.

46.   The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**FOURTH CLAIM FOR RELIEF**
**(Violation Of The California Consumers Legal Remedies Act,
Cal. Civ. Code §§ 1750, *et seq.*)**

47.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

49.   California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship,

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                               10

1  approval, characteristics, ingredients, uses, benefits, or quantities which they do not
2  have or that a person has a sponsorship, approval, status, affiliation, or connection
3  which he or she does not have."
4        50.    California's Consumers Legal Remedies Act, Cal. Civ. Code
5  § 1770(a)(7), prohibits "[r]epresenting that goods or services are of a particular
6  standard, quality, or grade, or that goods are of a particular style or model, if they are
7  of another."
8        51.    California's Consumers Legal Remedies Act, Cal. Civ. Code
9  § 1770(a)(9), prohibits "[a]dvertising goods or services with intent not to sell them as
10  advertised."
11        52.    Defendant violated these provisions by making the misrepresentations
12  alleged above, including the Berberine Claims.
13        53.    Plaintiff and the Class suffered economic injury as a direct and
14  proximate result Defendant's violation because: (a) they would not have purchased
15  the Products on the same terms if they had known that the Products were falsely
16  labeled as alleged herein; (b) they paid a price premium compared to products
17  without the misrepresentations alleged herein; and (c) the Products did not have the
18  characteristics, ingredients, uses, benefits, or quantities as promised.
19        54.    On or about June 27, 2025, prior to filing this action, a CLRA notice
20  letter was served on Defendant that complies in all respects with California Civil
21  Code § 1782(a). Plaintiff's counsel sent Defendant a letter via certified mail, return
22  receipt requested, advising Defendant that it was in violation of the CLRA and
23  demanding that Defendant cease and desist from such violations and make full
24  restitution by refunding the monies received therefrom.
25        55.    Wherefore, Plaintiff, on behalf of herself and all other members of the
26  Class seeks compensatory damages, punitive damages, injunctive relief, attorneys'
27
28

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED       11

1  fees, and any ill-gotten gains due to Defendant's acts and practices in violation of the
2  CLRA.

### FIFTH CLAIM FOR RELIEF
(Violation Of The California Unfair Competition Law,
Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

56. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

58. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

59. Defendant's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

60. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

61. Defendant violated the "fraudulent" prong of the UCL by making misrepresentations about the Products, as described herein.

62. Plaintiff and the Class suffered economic injury as a direct and proximate result Defendant's violation because: (a) they would not have purchased the Products on the same terms if they had known that the Products had been falsely labeled as alleged herein; (b) they paid a price premium compared to products without the misrepresentations alleged herein; and (c) the Products did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

1  63. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein and to recover actual damages, restitution, and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
(Violation Of The California False Advertising Law,
Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

64. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

66. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

67. Defendant committed acts of false advertising, as defined by §17500, by making the misrepresentations alleged above, including the Berberine Claims.

68. Defendant knew or should have known the Berberine Claims were false, but continued to manufacture and sell mislabeled Products in the retail and wholesale markets while labeling the Products with the Berberine Claims.

69. Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

70. Plaintiff and the Class suffered economic injury as a direct and proximate result Defendant's violation because: (a) they would not have purchased the Products on the same terms if they had known that the Products were falsely

labeled as alleged herein; (b) they paid a price premium compared to products without the misrepresentations alleged herein; and (c) the Products did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

71. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein and to recover actual damages, restitution, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class and naming Plaintiff Rousch as a representative of the Class, and Plaintiff's attorneys as Class Counsel to represent the Class;

b) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or Jury;

d) For prejudgment interest on all amounts awarded;

e) For an order of restitution and all other forms of equitable monetary relief;

f) For injunctive relief as pleaded or as the Court may deem proper; and

g) For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:  November 13, 2025  **BURSOR & FISHER, P.A.**

By:  */s/  L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
           lsironski@bursor.com

**SINDERBAND LAW GROUP P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Rd., Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-Mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and am a member of the bar of this Court. I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiff Tawni Rousch in this action. Plaintiff Rousch was a resident in Marina Del Rey, California when she purchased the Product. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that Defendant conducts business in this County and throughout the State of California. Additionally, Defendant conducts substantial business in this County.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California, on November 13, 2025.

                                               */s/ L. Timothy Fisher*
                                                   L. Timothy Fisher